# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| MARCUS LYNN CAMPBELL, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | No. CIV 18-384-RAW |
| STATE OF OKLAHOMA, et al., | ) |  |
| Respondent. | ) |  |

## OPINION AND ORDER

On November 30, 2018, Nannette Carley filed a "Petition for Writ of Habeas Corpus, Writ of Mandamus, and Writ of Prohibition," which was construed as a habeas corpus petition pursuant to 28 U.S.C. § 2241 (Dkt. 2). The petition was submitted on behalf of Marcus Lynn Campbell, a pretrial detainee who is incarcerated in the Bryan County Jail in Durant, Oklahoma. A money order for $355.00 was included with the petition. The respondents are listed as the State of Oklahoma; the Bryan County District Court; Bryan County, Oklahoma; the City of Durant, Oklahoma; the Bryan County Jail; Oklahoma Governor Mary Fallin; Brian County Sheriff Johnny Christian; MPO Matt Polson; Lt. Carrie Wyrick; MPO Jeremy Brooks, Police Chief David Houser; and John and Jane Does 1-25.    The petition challenges the circumstances of Campbell's arrest and the subsequent search of his home (Dkt. 2 at 4-11).[1] The amount of his bail also is contested

---

[1] According to a copy of the Information submitted with the petition, Campbell was charged with Aggravated Assault and Batter Upon a Peace Officer (Count 1), Assault   and Battery on a Peace Officer (Count 2), Assault and Battery on a Police Officer (Count 3), Endangering Others While Eluding/Attempting to Elude (Count 4), Escape from Arrest or Detention (Count 5), Resisting an Officer (Count 6), Driving Without a Drivers License (Count 7), Failure to Maintain

as excessive. *Id.* at 14. He requests immediate release from custody, the return of his seized property, and proof of the jurisdiction of the District Court of Bryan County.

According to the petition, Campbell is "physically ill, and being prevented from filing papers with the Court and communicating with people via [sic] on a regular basis through approved methods while being unlawfully imprisoned" (Dkt. 2 at 2). The petition further asserts Petitioner "has invoked his right to assign Power of Attorney for assistance in his defense, release, and redress." *Id.* Ms. Carley asserts Campbell has executed a Power of Attorney authorizing her to represent him in this action. *Id.*[2] Ms. Carley, however, is not permitted to represent Mr. Campbell:

> Federal law allows two types of representation in court: by an attorney admitted to the practice of law by the applicable regulatory body, or by a person representing himself. 28 U.S.C. § 1654. A power of attorney may not be used to circumvent prohibitions on the unauthorized practice of law. *See e.g.*, *DePonceau v. Pataki*, 315 F. Supp. 2d 338, 341 (W.D.N.Y. 2004) (authority conferred on another by a power of attorney could not be used to circumscribe state laws that prohibit the practice of law by anyone other than a licensed attorney).

*Brown v. Middlebrook*, No. 08-3312-RDR, 2009 WL 536553, at *1 (D. Kan. Mar. 3, 2009). The Court, therefore, finds there is no clear showing that this Court has jurisdiction to

---

Insurance of Security (Count 8), and Operating a Vehicle with Expired/Improper Tag/Decal (Count 9) in Bryan County case No. CF-2018-360 (Dkt. . The Court takes judicial notice of the public records of the Oklahoma State Courts Network at http://www.oscn.net. *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).

[2] A copy of a unnotarized "Durable and Medical Power of Attorney" signed by Campbell on September 22, 2018, was submitted to the Court with the petition (Dkt. 2-1 at 1).

proceed in this matter.

Even if the Court had jurisdiction, there is no indication that Petitioner has exhausted the state court remedies for his claims. The exhaustion requirement of 28 U.S.C. § 2254(b) also applies to § 2241 habeas petitions brought by pretrial detainees. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000); *Fuller v. Baird*, 306 F. App'x 430, 431 (10th Cir. 2009). The Oklahoma State Courts Networks website indicates Petitioner has not sought relief concerning his pending charges.

Furthermore, federal courts are required to avoid interference with pending state criminal prosecutions, "except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate." *Younger v. Harris*, 401 U.S. 37, 45 (1971). The *Younger* doctrine is based "on notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (citing *Younger*, 401 U.S. at 44-45). **ACCORDINGLY,** the petition for a writ of habeas corpus (Dkt. 2) is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction, and the Court Clerk is directed to return to Nannette Carley the $355.00 money order which was submitted with the petition.

**IT IS SO ORDERED** this 7th day of December 2018.

*Ronald A. White*
Ronald A. White
United States District Judge
Eastern District of Oklahoma